J. M. WHITE *v.* MEMPHIS, BIRMINGHAM AND ATLANTIC RAILROAD CO.

1. EMINENT DOMAIN. *Railroad right of way. Condemnation proceedings. Provision of charter as to disinterested freeholders.*

The charter of a railroad company provides that if the company and the owner of lands needed as a right of way shall not agree on a price to be paid for such land, application may be made to a justice of the peace, who shall issue his warrant to the sheriff requiring him to summon a jury.of twelve *disinterested freeholders* of the county to assess the value of the land. *Held,* that under this provision if the record of a condemnation proceeding show that an award was made by "twelve persons" without showing that they were *disinterested freeholders,* the award is void, and may be treated as a nullity even in a collateral proceeding.

2. SAME. *Condemnation proceedings. Jurisdictional facts. Waiver by failure to appeal.*

The record of such condemnation proceedings must affirmatively show all such facts as are essential, under such charter, to the jurisdiction of the tribunal making the award, and the fact of the jury being "disinterested freeholders" being a jurisdictional one, its absence from the record is not waived by the failure of the railroad company, against whom the proceeding has been invoked by the landowner, to appeal from such award as allowed by its charter.

3. SAME. *Condemnation proceeding. Invoked by landowner Strict compliance with statute.*

Under the charter of a railroad company which provides "That if said company and the owner or other persons cannot agree as to the price of the land required for said road, application may be made to a justice of the peace of such county, who shall thereupon issue his warrant to the sheriff of the county requiring him to summon a jury to award damages," etc., the remedy provided may be invoked by the landowner as well as by the railroad company, and the rule applies as well in the one case as in the other, that all the material requirements of the statute must be complied with and compliance must appear on the face of the record.

APPEAL from the Circuit Court of Marshall County.

HON. W. S. FEATHERSTON, Judge.

The case is stated in the opinion of the court.

*J. D. Martin,* for the appellant.

1. As to the condemnation of land for public use, it is sometimes said that "due process of law" means that the State has

provided a tribunal for the assessment of damages. Cooley Const. Lim. 700.

It is essential, however, that this remedy be one to which the landowner can resort on his own motion.  If the provision is only for the public authorities appropriating the lands, to be authorized to take proceedings of condemnation, such provision is simply void.   Cooley Const. Lim. 701 ; *Shepardson* v. *Milwaukee R. R. Co.,* 6 Miss. 605 ; *Powers* v. *Bears,* 12 Wis. 220 ; *McCann* v. *Sierra Co.,* 7 Cal. 121 ; *Collin* v. *Rossi,* 9 Cal. 595 ; *Rugdtz* v. *Dubuque,* 4 Iowa 343.

This charter does not require any such construction to be placed upon it, and if it did such provision would be void.

There is nothing in the contention that the charter does not permit the landowner to apply for a jury.

2. There is a distinction between a want of jurisdiction and a defect in obtaining it.   So it has been held in Mississippi that a defective service of process does not render the judgment liable to collateral attack.    *Harrington* v. *Wafford,* 46 Miss. 31 ; *Christian* v. *O'Neal,* 46 Miss. 669 ; *Campbell* v. *Hayes,* 41 Miss. 561.

The above authorities are peculiarly applicable to the *return of the sheriff.*  The warrant commanded him to summon twelve disinterested freeholders, and he returns that he executed it by summoning twelve persons, naming them.   The respondent claims that he should have added after their names the words " disinterested freeholders."   He was commanded to summon and he returns that these were the persons he summoned in obedience to its commands. He was commanded to summon only these.   The conclusion is irresistible that if he obeyed it all, it was by summoning disinterested freeholders.   There is no ambiguity.

The proceedings of the jury of view in this proceeding are safe from attack.

The charter gives the right of appeal from the award.   When this is given all error must be taken advantage of in that way. Mills on Eminent Domain 323.

Even a direct attack on the validity of the award will not succeed, when appeal is allowed, unless it is alleged that the appeal was

prevented by fraud, accident, collusion, or mistake. Mills on Eminent Domain 323 ; *People* v. *Sparhawk,* 20 N. H. 317 ; *People* v. *Wesson,* 64 N. Y. 167 ; *True* v. *Freeman,* 64 Me. 573.

*J. D. Martin* also made an oral argument.

*J. H. Watson,* for the appellee.

Conceding that mandamus would lie if the condemnation proceedings were regular and the verdict of the jury imposed a legal obligation on the railroad company, yet we submit, it cannot issue in this case because the condemnation proceedings as set out in the petition are fatally defective and void.

1. The charter of the company does not authorize the landowner to make the application for a jury provided for in § 10. See Acts of 1859, pp. 51, 52, 53, 54.

The plain tenor of § 10 is that in every case arising under it the landowner is to be the defendant. It confers certain rights on the railroad company to be exercised under certain conditions. If the railroad company fails to avail itself of these rights and takes possession of land not otherwise acquired, the landowner's rights remain unaffected and the company is a trespasser and liable to be proceeded against as such. In the appropriation of land to which it has no right, either by contract or condemnation, it acts at its peril.

2. The condemnation proceedings are invalid, because the record fails to show that the jurors summoned were " disinterested freeholders " as required by the charter.

" The officer who summons the jury is bound to show by his return that he has summoned such as answer the description in the writ," and unless this is shown it is a fatal jurisdictional defect. See *The People* v. *Brighton,* 20 Mich. 71, 72.

The *special attention* of the court is respectfully called to this case, and in connection with it to the case of *Allen* v. *Levee Commissioners,* 57 Miss. 167, where the court, in discussing a proceeding under a precisely similar statute, say: " As there is no means given by the statute by which a non-observance of its requirements can be excepted to and made a part

of the record, it is essential that the record itself should show affirmatively that the statute was strictly complied with."

*J. H. Watson* made an oral argument also.

COOPER, C. J., delivered the opinion of the court.

There is in the record an agreed statement of facts by which it appears that in 1872 the appellant and her brother were the owners of the lands described in the suit; that in 1872 the Memphis, Holly Springs and Selma Railroad Company (of which the appellee is the successor) entered upon the lands and began the construction of its road, and no objection was made thereto by the owners of the land; that in 1873 work was suspended and not resumed until 1881, at which time the appellant was the owner of the land and as such executed a deed conveying to the company a right of way " on condition that the road is built by the expiration of two years from date;" that within the two years the road was built between Byhalia and Holly Springs, but the whole road was not built within that time; that in 1884 the appellant fenced up the right of way and prohibited the company from entering thereon until compensation should be made for the way and damages to her other property caused by the road; that one Erb was appointed receiver of the company by the United States District Court for the Northern District of Mississippi, and that appellant petitioned that court to restrain its receiver from entering upon the premises until compensation made, to which the receiver responded with a counter-petition that appellant should be restrained from refusing to deliver up possession of the right of way to him; that the said court without taking any steps to have the right of way condemned issued a peremptory injunction to place its receiver in possession of the right of way under and by virtue of which he entered; that in its final decree directing a sale of the railroad and its franchises the said court reserved to appellant the right to prosecute her petition for damages, and the purchaser of the property took it subject to any judgment thereon which the appellant might recover against the receiver. It further appears that since the purchase of the road at such sale the appellee has duly organized as a railroad company

under the laws of this State and has operated its road over the lands of appellant, never having taken any steps to condemn said right of way, nor has any compensation been made to her therefor.

In December, 1885, the appellant made application to a justice of the peace for a writ of *ad quod damnum*, as provided by § 10 of the charter of the appellee, which writ was issued, commanding the sheriff of the county to summon a jury of twelve disinterested freeholders to view the premises and make an award. In obedience to this writ the sheriff returned that he summoned twelve persons, giving their names, but not stating that they were disinterested freeholders, and also returned the verdict of the jury by which a certain sum was awarded to the appellant. The company has continued in the occupancy of the right of way and refuses to pay the award, and to compel its payment the appellant exhibited her petition in the proper circuit court for a peremptory mandamus. By the charter of the company (Acts of 1859, p. 51, § 10) it is provided, "That if said company and the owner, or other persons, etc., cannot agree as to the price of the land required for said road application may be made to a justice of the peace of such county, who shall thereupon issue his warrant, under his hand and seal, to the sheriff of such county, requiring him to summon a jury of twelve disinterested freeholders of the county to appear at or near the lands to make an award of damages." It is also provided by said charter that either party may appeal from the verdict of the jury to the circuit court of the county, where the cause shall be tried *de novo* upon its merits. It is admitted that no appeal was taken in this case. On the trial of the petition for mandamus a judgment was rendered in favor of the company, from which the landowner appeals. While agreeing with the appellant that her conveyance was clearly one on condition subsequent that the whole road should be constructed within two years from the date of the deed, and that it was not performed, and that she properly reentered for breach of condition and was rightfully in possession of her original estate, and that the injunction issued by the United States court, by which her land was wrested from her and put in

the possession of its receiver was in manifest violation of the right reserved to her by the constitution of this State to have compensation first made for property taken for public use, and that she, as well as the company, could invoke the charter provision for inquisition of damages, we are yet of opinion that she is not entitled to maintain this suit.

The record of the condemnation proceedings nowhere shows that the jury impaneled by the sheriff was composed of "disinterested freeholders," and this is a fatal defect. Though the company occupy her premises as mere trespassers, against whom she may maintain ejectment or trespass, or invoke the aid of equity to restrain it from continuing trespassing, yet when she appeals to the remedy provided by its charter she must bring herself within its provisions by showing conformity with at least so much of its requirements as is essential to the jurisdiction thereby conferred. It is true an appeal is given from the verdict of the jury to the circuit court of the county, and that a failure to avail of that remedy may be construed as a waiver of all mere irregularities in the proceedings, but such failure does not cure a defect of jurisdiction, which is fatal to the whole record and entitles the opposite party to treat the proceedings as a nullity, even in a collateral suit. It is true that in this case the writ was invoked by the owner of the land seeking compensation and not by the company seeking condemnation, but we are unable to perceive why a different rule should prevail where the remedy is invoked by the landowner than that which would obtain if the company had put in operation the machinery provided by its charter. The remedy is summary in derogation of the common law, and is wholly covered by the statute. In such cases the material requisites of the statute must be complied with, and compliance must appear on the face of the record. *Levee Commissioners* v. *Allen,* 60 Miss. 93 ; *People* v. *Brighton,* 20 Mich. 57 ; *Farrington* v. *Morgan,* 20 Wend. 207 ; *Nichols* v. *Bridgeport,* 23 Conn. 189 ; *The King* v. *Commissioners,* 7 East 71.

*Affirmed.*