CUMBERLAND TELEPHONE & TELEGRAPH COMPANY *v.* SAMUEL G. MORGAN.

[45 South., 429.]

**1. EMINENT DOMAIN.** *Code 1906, ch. 43. Persons entitled.*

The Code 1906, ch. 43, entitled "Eminent Domain" and providing for the exercise of the right, authorizes proceedings only by persons or corporations having the right to condemn private property for public use, and unless the application show the applicant to have such right the proceedings of a court organized under it are void.

**2. SAME.** *Joinder of party over protest.*

An application under the statute to exercise the right of eminent domain, by a party without right to condemn, is not aided by the formal joinder therein, over its protest, of a corporation having the right.

**3. SAME.** *Jurisdiction. Circuit court.*

In such case the special court is without jurisdiction and the circuit court could acquire none by appeal from the special court.

FROM the circuit court of Itawamba county.

HON. EUGENE O. SYKES, Judge.

Morgan, appellee, was plaintiff in the court below; the telephone company, appellant, was defendant there. From a judgment in plaintiff's favor in the circuit court, on appeal from the special court of eminent domain, the telephone company appealed to the supreme court.

Morgan had a contract with one Camp, by which he was to furnish and erect telephone poles for the use of a telephone line owned and operated by Camp, extending a distance of twelve miles along a public road, and in consideration therefor Camp agreed to furnish him the use of a telephone for life without charge. After this agreement had been carried out for a number of years, the Cumberland Telephone & Telegraph Com-

pany began to operate the line, and sent appellee a bill for the use of the telephone. Thereupon appellee obtained assignments from many of the landowners, over whose land ran the public road, along which the telephone line had been constructed, the assignments reciting that the parties transferred to appellee all claims and rights against the Cumberland Telephone & Telegraph Company and Camp for damages growing out of the construction and maintenance of the telephone line over the land of the assignors, and conveyed by quitclaim to Morgan the right of way over the lands for the purpose of constructing and maintaining a telephone line on and along the highway where it crosses the land and extending fifty feet on each side of the highway. Morgan then instituted condemnation proceedings in a special court of eminent domain, making the Cumberland Telephone & Telegraph Company defendant. His petition did not allege that he had any right to condemn private property for public use but charged that he owned the right of way over the lands across which the line passed, and asked for condemnation. The special court awarded damages and the telephone company appealed to the circuit court, and in that court Morgan amended his petition, setting forth that he was the owner of fifty feet of land on either side of the public road, and that his possession had been disturbed and encroached upon by the telephone company, and prayed that the petition be treated as the petition of the telephone company, and that for such purpose the defendant be considered as instituting the proceedings. The telephone company moved to dismiss on the ground that the pleading showed on its face that Morgan had no right to institute condemnation proceedings, and the circuit court had no jurisdiction to proceed. This motion was overruled by the circuit court. The telephone company objected to the filing of the amended petition and to its being made a plaintiff or applicant against its will. This objection was disallowed, and the case proceeded to judgment; Morgan being awarded damages in the sum of $800.

*Harris, Powell & Willing,* for appellant.

Appellant's motion in the circuit court to dismiss this cause for the alleged reason that the plaintiff, Morgan, was not entitled to the right to prosecute an eminent domain proceeding, should have been sustained. Code 1906, ch. 43, on the subject of eminent domain, gives a private person no authority to institute such a proceeding in the absence of a proper showing, in the application for such proceeding, that such person has a right to condemn property of others for a public use.

The appellee's petition for eminent domain simply shows that the petitioner, a citizen of the county, owns an easement in the land, and that the telephone company entered it without his consent (which, as a matter of fact, is not however true), and that he asks for an eminent domain court to assess his damages. Surely there is no warrant anywhere for such a curious proceeding. In this case the petitioner had no right to eminent domain proceedings, did not claim to have, and the petition does not show that the condemnation was to be for a public use. The whole proceeding was *coram non judice,* and void from its very inception.

In the case of *White* v. *Railroad Co.,* 64 Miss., 566, 1 South., 730, the court held that, under the provisions of the charter of the railroad company the landowner, on failure to agree with the railroad company, might make application before a justice of the peace for a writ of *ad quod damnum.* But this was merely because of the express stipulation of the charter. The appellee, Morgan, has no such rights here. He has himself instituted a condemnation proceeding in the name of the telephone company against himself to compel the telephone company to pay him for the easement which he had acquired at a nominal cost. It is shown that the telephone company has continually protested that it does not want the strip of land, did not need it, did not own the line it was operating and of which Morgan complains, and objected throughout to being made a party to the suit. If the telephone company should be required to pay for the one-hun-

dred foot strip, for which appellee has demanded compensatory damages, why stop at that? Why not make it a strip of a width of one thousand feet?

That the appellee joined the telephone company as a party to the suit over the protest of the company, and that the company may have rights of eminent domain, do not change the situation, and can give Morgan no rights whatever to prosecute the case.

The case of *Railroad Co.* v. *Hopson,* 73 Miss., 773, 19 South., 718, is not applicable to this case. For such rights as were exercised by the appellee in that case were, similarly to that of the appellant in the *White case, supra,* exercised by virtue of the stipulations in the charter of the railroad company.

As the special court of eminent domain was not properly constituted, it must follow that the circuit court had no jurisdiction, on appeal. *Vinegar Bend Lumber Co.* v. *Railroad Co.,* 89 Miss., 104, 43 South., 292.

*W. H. Clifton,* for appellee.

Chapter 43 of the Code of 1906, on the subject of eminent domain, must be construed in this case together with §§ 927, 929 of the code, making a telephone company responsible for damages sustained by any person by the erection and use of its line and giving the company the right of eminent domain. Code 1906, § 927, distinctly states that "in any action for the recovery of damages brought by any owner or possessor of land over or along which such line may run, damages shall be assessed." An eminent domain proceeding is certainly an action. Then, if it be an action, why should not the land owner or possessor of lands have the right of election of remedies? If the right of election of remedies be denied him, does not this nullify, as to him, sec. 24 of our constitution providing that everyone shall have his remedy by due process of law, for any wrong?

A consideration of the foregoing code sections, together with Code 1896, § 1856, prescribing how a court of eminent domain

shall be organized, must lead to the recognition of the doctrine that the rights of the landowner to file the petition for eminent domain proceedings is correlative to the company's right to exercise the powers of eminent domain. It is the remedy which the owner has the right to put into operation, and not the right of eminent domain. The right of eminent domain must be, and is, conferred by statute; but the right of the landowner to the remedy provided by the statute law, and which is begun by the filing of the petition for eminent domain, need not be. *White* v. *Railroad Co.,* 64 Miss., 566, 1 South., 730.

The record shows that the telephone company is in possession of the right of way belonging to appellee, is using it without appellee's permission in its unusually profitable business, thus trespassing daily upon appellee's rights. Yet, when called upon by a court of eminent domain to fix the value of the right of way and pay for it, the company declines to do that which the statute requires; and, instead, contends that the remedy is not by eminent domain but should be by trespass proceedings. The court below was correct in not dismissing the case on appellant's motion. *Railroad Co.* v. *Hopson,* 73 Miss., 733, 19 South., 718.

Argued orally by *J. B. Harris,* for appellant.

MAYES, J., delivered the opinion of the court.

An eminent domain court cannot be organized, except it be shown in the application of the person or corporation seeking to exercise the right of eminent domain that the right exists in such person or corporation to condemn private property for public uses. If an application is made to the clerk for the organization of the eminent domain court by a person or corporation not having authority to exercise the right, the clerk is not empowered to convene the court, and, if he does, the court, not being lawfully convened, is without any power, and all acts done by it are *ultra vires* and void. Chapter 43 of the Code of 1906, dealing with the subject of eminent domain, both by sections 1854 and 1856 is expressly limited in its application to a per-

son or corporation having the right to condemn, and, this being the case, the powers conferred by this chapter can be availed of by no other person or corporation. As authority for the organization of the court there must be filed with the clerk an application which shows on its face that the person seeking to have the court of eminent domain organized is entitled to exercise the right of eminent domain, and if it fails to do this it fails to state facts conferring jurisdiction on the clerk to issue the order to organize the court, and the tribunal organized by him without the statement of these jurisdictional facts is not a court. 15 Cyc., 851. In the case of *Lumber Co.* v. *Railroad Co.,* 89 Miss., 84, 104, 43 South., 292, 295, the court expressly says: "This chapter presupposes that the right to condemn exists, and its provisions can be availed of only by such persons or corporations as have the right." In the case referred to above the proceedings were instituted by a chartered railroad company, given the power by statute to exercise the right of eminent domain. The application showed, *prima facie* at least, that the corporation seeking to condemn this land was given the power under the law to exercise the right of eminent domain. In other words, the corporation making the application for the organization of the court in the case supra was empowered under the law to exercise the right of eminent domain, and the application made showed this, and disclosed all jurisdictional facts necessary to authorize the clerk to organize the court, and the court was organized and proceeded to condemn the property.

The contention in the above cited case was that the corporation, although chartered under the state law as a railroad corporation, and although apparently having the right to condemn, in fact and in truth incorporated itself for the purpose of masquerading under its charter and condemning private property not for public use, but for private use, and that this constituted a fraud. We held in the *Lumber Co. case* that an issue of this sort could not be made in the eminent domain court, but that if the person or corporation seeking to condemn belonged to the class of

persons or corporations given the power to exercise the right of eminent domain under the law, and was attempting to exercise that right under this apparent authority of law, the only issue which could be raised in the eminent domain court, was one of damage, and that if there was a question as to the uses to which the applicant intended to put the property, or a question as to whether or not the applicant had perpetrated a fraud by masquerading under a charter in order to obtain private property for a private use, these rights would have to be contested in the chancery court by enjoining the person or corporation so seeking to use private property for private purposes under the guise of being empowered to exercise the right of eminent domain. But the opinion in that case, as well as the statute, proceeds upon the idea that in the original application for the organization of the court, made to the clerk, the application itself showed on the face of it such jurisdictional facts as would warrant the clerk in issuing the order.

In this case Morgan does not add to himself any rights by joining in his petition the Cumberland Telephone Company over the protest of the latter. This application is his application, and the lawfulness of the organization of the court must be determined by whatever rights Morgan himself had under the law to exercise the right of eminent domain. He cannot be aided in his rights, or his rights be enlarged by joining in his petition the Cumberland Telephone Company against its will and calling it the plaintiff. The right of eminent domain can be exercised by such persons or corporations, and these only, to whom have been given the authority of the legislature. No such authority is shown to be given to Morgan in the application, and therefore the assembling of the pretended court was without authority and *ultra vires.*

The case of *White* v. *Railroad Co.,* 64 Miss., 566, 1 South., 730, and the case of *L. & N. R. R. Co.* v. *Hopson,* 73 Miss., 773, 19 South., 718, have no application to this case. In both those cases the right was given the landowner in the charter, on the

failure of the corporation seeking to take the land to institute eminent domain proceedings, to make the application in place of the company. No such right is given here to Morgan: There may be a variety of remedies which Morgan can resort to, but the power to compel the telephone company to exercise the right of eminent domain against its will is not one of them.

It follows that, the eminent domain court having been convened without authority of law and without jurisdiction, all of its acts were void, and the motion to dismiss the proceedings should have been sustained. The eminent domain court being entirely without jurisdiction, the circuit court could acquire none. Jurisdiction is essential to the validity of all suits, civil or criminal, and, whenever a court acts without jurisdiction, all of its acts are nullities.

*Reversed and dismissed.*