RAND *et al. v.* MISSISSIPPI STATE HIGHWAY COMMISSION.

(In Banc. Jan. 4, 1941. Suggestion of Error Overruled Feb. 24, 1941.)

[199 So. 374. No. 34287.]

Mize, Thompson & Mize, of Gulfport, for appellants.

**E. R. Holmes, Jr.,** Assistant Attorney-General, and **White & Morse,** and **Geo. R. Smith,** all of Gulfport, for appellee.

Argued orally by Robert W. Thompson, for appellants, and by S. E. Morse, George R. Smith, and E. R. Holmes, Jr., for appellee.

Griffith, J., delivered the opinion of the court.

This case, in all substantial respects, is similar to Dantzler v. Mississippi State Highway Commission, 190

Miss. 137, 199 So. 367, this day decided; and the judgment will be reversed and the cause remanded for the reason and on the ground stated in the final paragraph of the opinion in the Dantzler case.

There is one point which was raised in the present case but not in the Dantzler case, and that is the contention that the plans and specifications, together with the testimony of the highway engineers, disclose that there will be between the lane on the north for west-bound traffic and that to the south for east-bound traffic a narrow neutral area, which is to be sodded, and that in the plans there are to be widened places in the pavement, called parking bays, at convenient intervals of distance for bus stops and the temporary parking of automobiles. Appellant says, as we understand the argument, that these are not within the domain of highway construction or improvement, and that the Commission is not authorized to condemn land to be used in that manner.

Neutral strips between lanes on heavily travelled highways have become an approved feature in modern highway construction and maintenance; and counsel does not point to any case in any jurisdiction wherein the public authority to avail of such a feature has ever been called in question. And the preparation and maintenance of parking bays for stops and temporary parking are so manifestly an incident to greater safety and convenience in highway service that no argument, beyond the statement, is necessary to sustain the authority of the highway commission to provide them.

Something has been said in the discussions of the case about the fact that the plans and specifications were not attached to or filed with the original petition. In the present case the plans and specifications were brought into the case files in response to a motion for a bill of particulars; but without this the petition was sufficient. "That is certain which can be made certain by means of the description or references contained in the petition. The petition may refer to a map or plat attached or on

the public records, . . . and the description will be sufficient if it can be made out by such references." 2 Lewis Eminent Domain, pp. 979, 980; 20 C. J., pp. 957, 958.

Other matters are discussed in the briefs which will probably not arise in another trial, or else are covered either in the Dantzler case or in Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565.

Reversed and remanded.

**Smith, C. J.,** delivered a concurring opinion.

The petition in this case contains the same reservations to the owner of the land to be taken and limitations on the use thereof by the petitioner as in Dantzler v. Mississippi State Highway Commission, 190 Miss. 137, 199 So. 367 this day decided, and I will not repeat what I there said except insofar as it may be necessary so to do.

I concur in holding that error was committed by the trial court in admitting the evidence set forth in the controlling opinion, but not that it committed no other error.

The reservations and limitations set forth in the petition were brought into the judgment, as in the Dantzler case, and as there also, the jury fixed the appellant's compensation at one dollar.

The appellants say that the county court erred not only in admitting evidence, but also in not dismissing the proceeding because; (1) of the reservations and limitations in the appellee's petition; (2) the appellee made no attempt to agree with him on the compensation he should receive for the land; (3) the land was not being taken for a public purpose; and (4) for one other reason hereinatfer to be set forth.

My views on the first of these questions are fully set forth in the Dantzler case, so that I will come at once to the second.

1. The petition alleges that the Commission has been unable to agree with the defendant on the price to be paid for a right-of-way easement over the land, and I will assume, for the purpose of the argument, that this allegation satisfies the requirement of Section 4998 of the Code. With that assumption, the petition discloses in this respect a right in the Commission to institute this proceeding, and for the reasons set forth by me in the Dantzler case, the county court was without authority to inquire into the truth of the allegation.

But, continuing as if I am mistaken as to that, the appellant filed a plea in abatement of the proceeding alleging that the appellee had made no attempt to agree with him on the compensation to be paid him for the taking of the land. In order to raise an issue on a plea in abatement of an action, a defendant must file either a demurrer or a replication thereto. The first presents an issue of law for the court, the second, if it denies the allegations of the plea, presents an issue of fact for the jury, unless, as provided by Section 577, Code 1930, a jury is waived, and must be decided before the trial of the main issue begins. Neither a demurrer nor a replication was filed to this plea in abatement, but without objection, the trial judge heard evidence thereon and overruled the plea. This evidence discloses that all the appellee did was to tender the appellant a written instrument conveying to the appellee the easement over the property here sought for the consideration of one dollar with the request that he sign it, which he declined to do. The evidence for the appellant was that the land was worth "considerably more than one dollar;" that for the appellee was that it was not. It may be that the parties could not have reached an agreement in the matter, but that does not appear from the evidence on the plea in abatement. All that appears therefrom is that the appellant was told to "sign on the dotted line," and that he declined to do so. There was evidence introduced later, when the jury was called on to fix the appellant's com-

pensation for the taking of the land as to what that compensation should be, but that evidence, if it had any bearing on the plea in abatement, should have been introduced when that issue was tried, and cannot be considered thereon. The plea in abatement, if such a plea here lies, was sustained by the evidence.

2. Whether the land was sought to be taken for public purposes was not for the determination of the county court in this eminent domain proceeding, as will appear from my opinion in the Dantzler case, but, if I am mistaken as to that, the evidence discloses that it was to be devoted to proper highway purposes and therefore a public purpose.

3. The appellant's remaining complaint is of the allegation in the petition brought forward into the county court's judgment that: "The above easement is condemned for the purpose of public highway improvement, construction, reconstruction, use, maintenance and the plans for said improvement are now on file in the office of the State Highway Department at Jackson, Mississippi, and the Chancery Clerk's Office of said County, subject only to such minor changes as the State Highway Commission may deem necessary." It will be observed that this allegation of the petition limits the Highway Commission to the construction of the public road to the plans therefor on file in the department's office and in the office of the chancery clerk of Harrison County. The allegation was evidently placed in the petition for the purpose of influencing the jury in fixing the appellant's compensation. It had no proper place in the petition for the statute does not contemplate that counties and the Highway Department, when taking land for highway purposes, should limit the construction of the highway to a particular plan, and when the highway is to be paved, as this one is, to any particular character of paving. In other words, the statute contemplates that the counties and the Highway Department shall have a free hand in constructing the character of a highway that

most nearly conforms to the public interest and welfare. What satisfies this requirement on one day may fail to do so on the next. I am not sure whether the appellant's demurrer reached this defect in the petition. It may be that a motion to strike it from the petition is the proper method for raising the question, but be that as it may, the allegation should not have been in the petition.

### On Suggestion of Error.

**Roberds, J.**, delivered the opinion of the court on suggestion of error.

At a former day of this term this case was reversed and remanded because of erroneous admission of testimony in the court below. Counsel for appellants, by suggestion of error, urge us to express an opinion on other alleged errors, originally assigned and now again raised in the suggestion of error, among which was a remark made by counsel for the Highway Commission during the voir dire examination of the jury to this effect, "It will be shown that there is a Ten Thousand Dollar mortgage on this property and the mortgagee, Mr. Eaton, has no objection to the highway being built along there." We had assumed in remanding the case that this, or similar prejudicial remark, would not likely be made on another trial, and that, therefore, it was not necessary for us to express an opinion thereon.

Suggestion of error overruled.