ISHEE, J.,
for the Court:
¶ 1. After the Mississippi Transportation Commission initiated eminent domain proceedings, a jury in the Neshoba County Special Court of Eminent Domain established the value of the subject property. Aggrieved by the judgment, the Commission filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict. When its motion was denied, the Commission appealed. Finding only harmless error, we affirm.
STATEMENT OF FACTS
¶ 2. In November 2001, the Mississippi Transportation Commission (Commission) filed a complaint for the organization of a Special Court of Eminent Domain pursuant to Miss. Code Ann. § 11-27-83 (Rev. 2000). The Commission intended to condemn .4556 of an acre in Neshoba County in order to facilitate the relocation and reconstruction of Mississippi Highway 16. The property was owned by Edward A. Williamson, Burl Thomas Williamson, Noel Stanley Williamson, Edward A. Williamson, beneficiary, and Fenton B. Deweese, trustee (Williamsons). Based on the court appointed appraiser’s report, the trial court determined in January 2002 that the Williamsons were due $31,892 in compensation and damages for the taking of their land, and the trial court granted the Commission immediate title to and possession of the subject property. Both parties disagreed with the appraiser’s determination of the total compensation due; the Commission and the Williamsons submitted statements of value of $26,500 and $92,000 respectively.
¶ 3. Unable to reach an agreement, the parties proceeded to trial. A jury subsequently determined that the Williamsons were due $60,000 in compensation and damages for the taking. The Commission filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict. The trial court denied the motion, and the Commission appealed asserting the following: (1) the trial court erred in allowing into evidence a deed which contained the sale price paid by the Commission to another property owner for land along the highway project route; and (2) the trial court erred in denying the Commission’s motion for a new trial or, in the alternative, a judgment notwithstanding the verdict.
ISSUES AND ANALYSIS
I. Whether the trial court erred in allowing into evidence a deed which contained the sale price paid by the Commission to another property owner for land along the highway project route.
¶4. The Commission argues that the trial court erred in allowing into evidence the deed, and testimony relating to that deed, regarding a land sale between the Commission and another property owner who owned land along the highway construction project route. The deed at issue reflected the sale of .088 acres of land between the National Bank of Commerce (Bank) and the Commission for $17,600. The Commission objected to the introduction of this evidence. After hearing arguments outside the presence of the jury, the trial court overruled the objection stating that as a matter of fairness the jury should be allowed to weigh the fact *157 that the Commission had paid $300,000 to the Bank for that property. After ruling on the objection, the Williamsons’ attorney corrected the court regarding the fact that the Commission had actually paid $17,600 for the specific condemned portion of the Bank’s property and that the $300,000 figure reflected the price the Bank had originally paid for its purchase of the entire property at that location. Despite this correction, the trial court did not alter its ruling.
¶ 5. The standard of review of eminent domain proceedings is as follows:
This Court reviews decisions of a special court of eminent domain as it would any trial court. We review questions of law de novo, and we will not overturn findings of fact where they are supported by substantial evidence in the record unless there was abuse of discretion by the trial judge or the findings were manifestly wrong or clearly erroneous.
Morley v. Jackson Redevelopment Auth., 874 So.2d 973, 975(¶ 11) (Miss.2004).
¶ 6. The Supreme Court recognizes three different appraisal methods which may be used to value property in the context of an eminent domain proceeding: the cost approach, the market data or sales comparison approach, and the income approach. Potters II v. State Highway Comm’n of Miss., 608 So.2d 1227, 1231 (Miss.1992). It this case, the sales comparison approach was used to determine the fair market value. “Transactions regarding properties similar to that being taken are thought highly relevant to the question of the fair market value of the property being taken. It is an accepted and established appraisal practice to rely on such transactions commonly called comparable sales.” Mississippi State Highway Comm’n v. Franklin County Timber Co., Inc., 488 So.2d 782, 785 (Miss.1986). This general rule, however, does have a significant exception which is implicated by this appeal.
¶ 7. The purpose of an eminent domain proceeding is to determine the fair market value of the property at issue, and as previously mentioned, select comparable sales data is relevant to that determination. However, the evidence at issue in this appeal involved a land sale to an agency vested with eminent domain authority. Our analysis of this issue reflects that the Supreme Court’s position on the admissibility of evidence of land sales to entities with condemnation authority has been divergent over the past sixty year. In fact the case law demonstrates that the Supreme Court’s position has come full circle during that time. In Dantzler v. Mississippi State Highway Comm’n, 190 Miss. 137, 199 So. 367 (1941), the Supreme Court ruled that evidence of the type at issue in this appeal was categorically inadmissible.
In condemnation proceedings, the price paid in settlement of similar proceedings or the sums paid by the condemn or for similar land, even if proceedings were not begun, is not admissible, since such payments are in the nature of a compromise to avoid the expense and uncertainty of litigation and are not fair indications of market value.

Id.

¶ 8. The Supreme Court later adopted a qualified position with its holding that “[gjenerally, sales of property made to agencies vested with the power of eminent domain cannot be used in eminent domain trials as comparable sales. Such exchanges of property are more in the nature of compromises and ordinarily cannot be used as fair indicators of market value.” Mississippi State Highway Comm’n v. Taylor, 293 So.2d 9, 10 (Miss.1974) (emphasis added). The Supreme Court maintained its qualified position for several *158 more years holding that “sales of property made to agencies vested with the power of eminent domain generally should not be used as comparable sales for valuation purposes.” State Highway Comm’n of Miss. v. Hyman, 592 So.2d 952, 956-57 (Miss.1991) (emphasis added).
¶ 9. The Supreme Court, however, has subsequently re-adopted an unequivocal position regarding evidence of comparable sales to agencies vested with condemnation authority. “Sales to an agency with condemning authority are not admissible in evidence and cannot be used as comparable sales by an appraiser because they are more in the nature of a compromise and are not, therefore, fair indicators of market value.” Brown v. Mississippi Transp. Comm’n, 749 So.2d 948, 957-58(¶29) (Miss.1999). The Supreme Court reinforced the Brown holding with its decision in Ford v. Destin Pipeline Co., L.L.C., 809 So.2d 573, 577 (¶¶ 12-13) (Miss.2000).
The landowner was not entitled to introduce evidence of a previous sale of a right-of-way to the pipeline company as a comparable sale for purposes of proving fair market value of the tract of land sought for the right-of-way, in light of the business necessity created by the circumstances involved in the previous sale, where the pipeline company had already purchased most of the rights-of-way it needed and decided it would be more cost-effective to pay the inflated price for the owner’s property than to redraw its plans and purchase more property.
¶ 10. Despite Brown and Ford, the Wil-liamsons argue that this evidence was admissible for purposes other than as comparable sales data. The Williamsons point to State Highway Comm’n of Miss. v. Havard, 508 So.2d 1099 (Miss.1987) in which the Supreme Court held that it was proper for landowners to cross-examine the state’s valuation expert to determine what matters the expert had considered and what he had not considered in forming his opinion as to value of the remainder. This argument, however, is without merit as the Havard Court qualified its holding by further stating that the matter probed on cross-examination must be relevant. Havard, 508 So.2d at 1102. The Brown Court clearly addressed the relevancy issue in stating that evidence of land sales to agencies vested with condemnation authority is categorically inadmissible due to the fact that these types of sales are not relevant to the issue of determining the fair market value of the condemned property. Brown, 749 So.2d at 957-58(¶ 29).
¶ 11. Despite the obvious distinction between the Brown and Taylor lines of decision, they both share the same rationale: land sales to agencies vested with the power of eminent domain may be compromise sales which do not reflect the fair market value of that property, and as a result, they may not be used as comparable sales data to establish the fair market value of subsequent property at issue in eminent domain proceedings. The Brown Court clearly re-adopted the per se exclusion announced in Dantzler based on that well-established rationale.
¶ 12. The record reflects that the trial court’s decision to admit the deed and testimony relating to the deed into evidence was based on the Taylor holding. However, as previously discussed, these holdings have been superceded by Brown and Ford. Therefore, the trial court’s decision to allow the jury to consider this evidence was clearly erroneous. The trial court should not have allowed into evidence the deed reflecting the sale between the Commission and the Bank, nor the testimony relating to that sale, as they were not relevant to the issue of determin *159 ing the fair market value of the William-sons’ property.
II. Whether the trial court erred in denying the Commission’s motion for a new trial or, in the alternative, a judgment notwithstanding the verdict.
¶ 13. Having determined that the trial court committed an evidentiary error, we now turn to discuss the standard of review of the trial court’s denial of a motion for a new trial:
The trial court’s denial of a motion for a new trial is reviewed for abuse of discretion. In eminent domain cases, this Court must be satisfied that the award was not so excessive as to evince bias, passion, or prejudice and that it is supported by competent facts, not conjecture, supposition, or mere possibilities.
Mississippi Transp. Comm’n v. Highland Dev., LLC, 836 So.2d 731, 734(¶ 10) (Miss.2002).
¶ 14. As previously discussed, the deed and the testimony relating to it were not competent facts upon which the jury could base its verdict. However, the record reflects that there was other competent evidence presented to the jury on which they could base their verdict. We acknowledge first that it is not uncommon for damage estimates to vary widely in condemnation proceedings. State Highway Comm’n v. Warren, 530 So.2d 704 (Miss.1988). In this case, the estimates ranged from a value of $26,500 offered by the Commission to a value of $92,000 offered by the Williamsons. Additionally, we recognize the weight and import of the jury having viewed the property, as they did in this case. Mississippi Transp. Comm’n v. Bridgforth, 709 So.2d 430 (Miss.1998). Finally, the Mississippi Supreme Court has stated that when a jury award is between the values offered by the experts, such an award cannot be said to have been influenced by bias, passion or prejudice. Brown, 749 So.2d at 962(¶ 55). With Warren, Bridgforth, and Brown in mind, we conclude that the jury verdict of $60,000 was not excessive. We find, therefore, that the trial court appropriately denied the Commission’s motion for a new trial because the jury verdict was between the values offered by the experts, and the verdict did not evidence bias, passion, or prejudice. The trial court’s evidentiary ruling was erroneous; however, this Court concludes, based on the jury verdict, that the error was harmless.
¶ 15. THE JUDGMENT OF THE NESHOBA COUNTY SPECIAL COURT OF EMINENT DOMAIN IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.